IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM JAMES MORRELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0220 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner WILLIAM JAMES MORRELL. By his habeas application, petitioner challenges his conviction for the offense of possession of a controlled substance out of the 181st Judicial District Court of Potter County, Texas, and the resultant 20-year sentence. The undersigned United States Magistrate Judge recommends petitioner's habeas application be DENIED.

I.
STATEMENT OF FACTS/
PROCEDURAL HISTORY

Petitioner directly appealed his conviction to the Court of Appeals for the Seventh District of Texas arguing (1) the trial court erred by denying his motion to require disclosure of all informants, and (2) the trial court abused its discretion by granting the State's motion to strike petitioner's motion to suppress. *Morrell v. State*, No. 07-07-0449-CR (Tex.App.–Amarillo April

15, 2009) (unpublished).  In its opinion, the state appellate court summarized the facts as follows:

> In May 2006, the Potter County Grand Jury returned an indictment against Appellant for possession of a controlled substance, methamphetamine, in an amount less than one gram with an enhancement paragraph for a prior felony conviction in Michigan. Appellant subsequently executed a waiver of his right to a jury trial.
>
> Prior to trial, Appellant filed a motion to require the State to disclose the identity of any informant who may have participated in the alleged offense, was present when the offense was committed, or was present at the time of his arrest.  Appellant asserted that a failure to do so deprived him of his right to present the informant as a witness for his defense or cross-examine the informant if produced as a State's witness.  At the pretrial hearing on Appellant's motion, he produced no evidence indicating that any informant's testimony was necessary to a fair determination of his guilt or innocence at trial.  Consequently, the trial court denied the motion.
>
> Appellant also filed a motion to suppress any evidence obtained as a result of an improper investigative stop.  At the pretrial hearing on Appellant's motion, the trial court granted the State's motion to strike Appellant's motion to suppress for lack of specificity.  Nevertheless, the trial court indicated that, "if something comes up later that Counsel specifically wants to object to, I'll certainly hear those objections."
>
> At trial, Appellant indicated he wanted to plead guilty.  After the trial court took Appellant's guilty plea, the State produced its only testifying witness, Officer Michael Gallegos, Amarillo City Police Department.  Officer Gallegos testified that, on March 29, 2005, at approximately 8:40 p.m., he received information from an APD narcotics officer[1] that the driver of a semi-tractor trailer truck parked at Buckles Lounge was possibly in possession of narcotics.  He and Officer Toby Garcia identified the truck from the informant's description.  The truck was parked in a lot with no pedestrians in the area.  The officers parked in front of the truck and approached Appellant who was sitting in the cab.  Appellant was gathering papers and appeared nervous.  At the officers' request, Appellant stepped down from the cab with his papers.  As they were speaking with him, Appellant threw an object on the ground, an event captured on the officers' in-car video.  The officers retrieved the object which consisted of a plastic tube wrapped in aluminum foil.  The tube contained a brown rocky substance later identified as methamphetamine.  Appellant was placed under arrest.
>
> Following Officer Gallegos's testimony, the trial court accepted Appellant's guilty plea to the offense of possession of a controlled substance and his plea of true to the enhancement paragraph.  Thereafter, the trial court proceeded to the punishment phase.  Subsequently, the trial court adjudged Appellant guilty of the offense of possession of a controlled substance, enhanced, and he was sentenced to twenty years confinement.  This appeal followed.

---

[1] The information was given to the narcotics officer by a confidential informant.

*Morrell v. State*, No. 07-07-0449-CR at *1-2.

On appeal, petitioner argued the trial court erred by denying his motion to identify the State's informant because the informant might have been necessary to fairly determine a material issue affecting petitioner's guilt or innocence. Petitioner also asserted the trial court erred when it granted the State's motion to strike his pretrial motion to suppress evidence obtained pursuant to an improper investigative stop of him by Officers Gallegos and Garcia.

With regard to the informant identification, the state appellate court determined:

The State has a privilege to withhold the identity of any person who provided information relating to, or assisting in, an investigation of a possible crime. Tex. R. Evid.508(a). Appellant contends the informant's identity should have been disclosed because it was necessary to a fair determination of the issues of guilt or innocence pursuant to Rule 508(c)(2). Under this exception, an in camera hearing by the trial court to explore whether the informant may be a material witness is not mandatory. The accused must first establish a "plausible showing" of how the informant's testimony is necessary. To meet this burden, the accused must provide more than mere conjecture or speculation; he must show the informant "participated in the offense, was present at the time of the offense or arrest, or was a material witness to the transaction." If the accused meets this burden, the trial court must then conduct a hearing in camera to allow the State to rebut the accused's plausible showing.

We review the trial court's ruling on a confidential-informant motion for abuse of discretion. We affirm the ruling unless the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. Further, we may not substitute our judgment for that of the trial court; rather, we must decide whether the trial court acted arbitrarily or unreasonably without reference to any guiding rules or principles.

Appellant did not come forward with any evidence to indicate that the State's informant was necessary to fairly determine a material issue affecting Appellant's guilt or innocence either in his motion or at the hearing. No evidence, plausible or otherwise, was presented by Appellant that the informant participated in the offense, or witnessed either the offense or arrest. Neither was Appellant denied the right to cross-examine the informant prior to testifying at trial because the informant did not testify in the pretrial or trial proceedings.

At the hearing, Appellant also argued that the informant's testimony was necessary to determine whether there was sufficient, reliable information to justify an investigative stop by Officers Gallegos and Garcia. Granted Officers Gallegos and Garcia relied on the informant's information to locate Appellant's truck, however,

>there is no indication that the informant was otherwise linked to the offense. Therefore, his identity may remain confidential. Whatever the informant witnessed was not material to the evidence upon which the State relied for a conviction, *i.e.*, events witnessed by Officers Gallegos and Garcia and the evidence they seized.
>
>Appellant failed to establish a plausible showing that the confidential informant's testimony was necessary for a fair determination of his guilt or innocence. We conclude the trial court did not abuse its discretion in denying Appellant's motion for disclosure of the confidential informant's identity. We overrule Appellant's first issue.

*Morrell v. State*, No. 07-07-0449-CR at *2-3 (footnote omitted) (citation omitted).

>With regard to the motion to suppress issue, the state appellate court held:
>
>A defendant may challenge the admissibility of evidence in either of two ways: (1) he may object to the admission of the evidence at the time it is offered at trial and request a hearing outside the presence of the jury; or (2) he may file a pretrial motion to suppress evidence and have it heard and ruled upon before trial.
>
>Here, the trial court, in its discretion, declined to hear Appellant's motion to suppress during pretrial proceedings. Article 28.01 is not mandatory but is directed to the court's discretion. The court may elect to determine the merits of the motion at the time when the subject matter of the motion is first brought before the court during trial, rather than at a pretrial hearing. When the court elects to hear the motion at trial, the accused has not been denied any right because he may raise any appropriate objection at trial.
>
>In striking Appellant's motion to suppress, the trial court stated that "if something comes up later that Counsel specifically wants to object to, I'll certainly hear those objections." Because the trial court struck Appellant's pretrial motion to suppress due to form, not substance, without deciding its merits, it was incumbent upon Appellant to properly object at trial and obtain an adverse ruling in order to preserve any error. When evidence of the narcotics discovered by Officers Gallegos and Garcia was offered at trial, however, Appellant did not object to its admissibility. Consequently, no error is presented for review. Appellant's second issue is overruled.

*Morrell v. State*, No. 07-07-0449-CR at *3-4 (citation omitted). The state appellate court affirmed the state trial court judgment.

On June 6, 2010, petitioner filed a state application for a writ of habeas corpus alleging the precisely the same grounds raised on appeal. *Ex parte Morrell*, No. 74,341-01. On September 8, 2010, the Texas Court of Criminal Appeals denied petitioner's habeas application without written

order.

On August 26, 2009, petitioner filed this federal application for a writ of habeas corpus challenging his conviction on the same grounds raised on appeal and on state habeas review.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. "The trial court erred by denying his motion to require disclosure of all informants;" and

2. The trial court abused its discretion by granting the State's motion to strike petitioner's motion to suppress.

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall <u>not</u> be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless that person first shows the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner filed an appeal and a state habeas application challenging the constitutionality of his conviction and sentence on the same grounds he asserts in this federal habeas proceeding. The

---

[2]Petitioner's habeas application was held in abeyance and the case administratively closed while petitioner exhausted his state court remedies with his state habeas application.

state appellate court overruled petitioner's first ground on the merits finding the trial court did not abuse its discretion in denying petitioner's motion for disclosure of the confidential informant's identity. The state appellate court also found the trial court did not abuse its discretion in striking petitioner's motion to suppress due to form and that petitioner waived any objection to the admissibility of the evidence of the narcotics at trial because petitioner failed to object to the evidence when offered at trial. The state appellate court affirmed petitioner's conviction. *Morrell v. State*, No. 07-07-0449-CR. The Texas Court of Criminal Appeals denied these grounds, raised again on state habeas, without written order. *Ex parte Morrell*, No. 74,341-01. The ruling of the Texas Court of Criminal Appeals also constituted an adjudication of petitioner's state habeas corpus claims on the merits.³ *Bledsue v. Johnson,* 188 F.3d 250, 257 (5ᵗʰ Cir. 1999); *cf. Ex parte Thomas*, 953 S.W.2d 286 (Tex.Crim.App. 1997); *Ex parte Torres,* 943 S.W.2d 469 (Tex.Crim.App. 1997) (under Texas law a denial by the Court of Criminal Appeals signifies the court addressed and rejected the merits of the claims). Therefore, the deferential standard set forth in 28 U.S.C. § 2254(d) is applicable to this case and must be demonstrated by petitioner. Consequently, this Court's review is limited to a determination of (1) whether petitioner has shown the state court's determination that petitioner's claims were without merit was based on an unreasonable determination of the facts in light of the evidence before the state court, or (2) whether petitioner has shown the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

---

³The term "adjudication on the merits" in 28 U.S.C. § 2254(d) addresses whether the state court's disposition of the claim at issue was procedural or substantive. *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir.2002) ( *en banc* ). Nothing in this case suggests the Texas Court of Criminal Appeals disposed of petitioner's claims on a procedural basis. *See Barrientes v. Johnson,* 221 F.3d 741, 778-80 (5th Cir.2000), *cert. dismissed,* 531 U.S. 1134 (2001) (setting forth analysis to determine whether state court adjudication was merits-based). The state court denial qualifies as a full and fair review of the grounds raised therein. This Court must treat the state court's "denial" as a merits adjudication of petitioner's state habeas application. *See Bledsue v. Johnson,* 188 F.3d 250, 257 (5ᵗʰ Cir. 1999).

IV.
## MERITS

Petitioner does not argue the deferential standard set forth in 28 U.S.C. § 2254(d) is not applicable to his claims, nor does he argue he has made the necessary showing to be entitled to federal habeas corpus relief.  In fact, petitioner merely reurges the same grounds he presented to the state appellate and habeas courts.  Petitioner makes to attempt to show the state court's determination that his claims were without merit was based on an unreasonable determination of the facts in light of the evidence before the state court, nor does he attempt to show the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Petitioner has failed to meet his burden of proof under the AEDPA.

Although petitioner has not met his threshold burden for federal habeas review by showing the unreasonableness of the state court decisions, this Court's review of the state court decisions and the record submitted with petitioner's state habeas application reveals the appellate court opinion accurately addressed the issues raised by petitioner, and that the state court's position was well supported.  This Court does not find, based on this limited record, that the state court decisions were incorrect much less unreasonable as required by the standards under which this Court must review petitioner's claim.

Lastly, the undersigned notes petitioner entered a guilty plea to the possession offense charged in the indictment returned against him.  "Once a guilty plea has been entered, all non-jurisdictional defects in the proceedings against a defendant are waived."  *Smith v. Estelle* 711 F.2d 677, 682 (5th Cir. 1983) (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982).  In this application, petitioner alleges only non-jurisdictional errors that occurred prior to his guilty

plea. Petitioner's valid guilty pleas bar habeas review of petitioner's non-jurisdictional, pre-plea claims. Petitioner's federal habeas application should be DENIED.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner WILLIAM JAMES MORRELL be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of April, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).